# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GILBERTO CANO-BAHENA,

    **Petitioner,**

v.

    Case No. 18-3287-JAR

UNITED STATES OF AMERICA AND
ROBERT FARLEY, Warden

    **Respondents.**

## MEMORANDUM AND ORDER

Gilberto Cano-Bahena, an inmate at the Great Plains Correctional Institution in Hinton, Oklahoma, filed this *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Cano-Bahena alleges that his federal criminal sentence is unlawful because he received ineffective assistance of counsel at the plea and sentencing stages of his proceedings.[1] Upon review of the record, the Court construes Cano-Bahena's filing as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 and transfers it to his criminal proceeding in Case No. 14-cr-20066-JAR.

Cano-Bahena pleaded guilty to one count of aiding and abetting a codefendant in knowingly and intentionally possessing with the intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2, and then unsuccessfully moved to withdraw his plea.[2] He was then sentenced to a term of imprisonment of 108 months.[3] The Tenth Circuit Court of Appeals affirmed this Court's denial of his motion

---

[1] Doc. 1.

[2] *United States v. Cano-Bahena*, D. Kan. No. 14-cr-20066-JAR, Docs. 78, 142, 146.

[3] *Id.* Doc. 152.

1

to withdraw plea, as well as two aspects of his sentence.[4] Cano-Bahena now petitions the Court for habeas relief, on the grounds that (1) his counsel promised he would receive a sentence of 60 months; (2) counsel erroneously advised him he was not safety-valve eligible; (3) one of his codefendants received a reduced sentence; (4) he is eligible for a sentence reduction under the First Offender Guidelines; and (5) counsel did not advise him of his rights on appeal.

Cano-Bahena challenges the legality of his federal sentence, and such claims must normally be raised in a § 2255 motion in the sentencing court—in this case, the District of Kansas, before the undersigned.[5] Section 2241 petitions, however, are "brought in the district where the prisoner is confined, [and] are generally reserved for complaints about the *nature* of a prisoner's confinement, not the *fact* of his confinement."[6] Cano-Bahena's petition does not challenge the condition of his confinement, but rather brings a collateral attack on his conviction. "Under these circumstances, a district court would normally dismiss [petitioner's] § 2241 petition without prejudice so that he might refile it as a § 2255 motion in the appropriate sentencing court."[7] Alternatively, a district court could construe petitioner's petition as a § 2255 motion and transfer it to the sentencing court for review.[8]

Section 2255(e) includes a "savings clause" that allows a federal prisoner to resort to § 2241 to challenge the legality of his detention, not just the conditions of his confinement, when "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention."[9] Cano-Bahena asserts that § 2255 is inadequate because the one-year statute of

---

[4]*United States v. Cano-Bahena*, 713 F. App'x 753, 760 (2017).

[5]*Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011).

[6]*Id.*

[7]*Id.* (citing *Bradshaw v. Story*, 86 F.3d 164, 167 (10th Cir. 1996)).

[8]*Id.*

[9]28 U.S.C. § 2255(e).

limitations has run to file a § 2255 petition and because he has never been afforded an appeal. But his argument is mistaken on both counts, as he did take a direct appeal from his conviction, and the one-year statute of limitations runs from the date his conviction became final—in this case, ninety days after the Tenth Circuit issued its judgment, or one year after the time for filing a certiorari petition expired.[10] The judgment was issued by the Tenth Circuit on November 2, 2017,[11] so it became final on January 31, 2018, and the time to file a timely § 2255(f)(1) claim expires on January 31, 2019. Thus, the savings clause is inapplicable and Cano-Bahena cannot proceed with his claim under § 2241. Accordingly, the Court denies without prejudice Cano-Bahena's claim under § 2241, but will construe his submission as a § 2255 motion, which the Court transfers to his criminal proceeding in this District.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Gilberto Cano-Bahena's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **denied without prejudice**; the Court construes Petitioner's submission as a motion under 28 U.S.C. § 2255, and transfers this matter to Case No. 14-cr-20066-JAR. The clerk is directed to date the filing of Petitioner's § 2255 motion as November 26, 2018, the date he filed his § 2241 petition.

**IT IS SO ORDERED.**

Dated: <u>January 31, 2019</u>

                                                           S/ Julie A. Robinson
                                                           JULIE A. ROBINSON
                                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[10]*United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006). *See* 28 U.S.C. § 2101(c) (stating petition for writ of certiorari "shall be taken or applied for within ninety days of the entry of such judgment or decree.").

[11]*United States v. Cano-Bahena*, 713 F. App'x 753 (2017).